## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| v. | )     CRIMINAL NO. 04-127-P-H-01 |
| | ) |
| GARY H. REINER, | ) |
| | ) |
|     DEFENDANT | ) |

## MEMORANDUM DECISION AND ORDER ON DEFENDANT'S REQUEST FOR A JURY DETERMINATION ON FORFEITURE

The issue here is whether a defendant has a right to a jury trial on criminal forfeiture issues when the government seeks only an *in personam* money judgment, not forfeiture of specific property. I conclude that there is no such right.

### I. PROCEDURAL BACKGROUND

In a superseding indictment, the government charged the defendant Gary H. Reiner with: conspiracy to use interstate commerce facilities to promote prostitution, to transport persons in interstate commerce with the intent that they engage in prostitution, and to induce and entice persons to travel in interstate commerce to engage in prostitution[1] (Count 1); violation of the Travel Act[2] (Count 2); inducement of interstate travel to engage in

---

[1] 18 U.S.C. §§ 371, 1952, 2421, and 2422.
[2] 18 U.S.C. § 1952.

prostitution[3] (Count 3); and conspiracy to commit money laundering[4] (Count 7).  The government also requested forfeiture relief against Reiner and co-defendants.[5]

A jury trial produced a guilty verdict against Reiner on all four counts.  On the last day of trial, before closing arguments and the jury charge, Reiner's lawyer requested that, in the event of a guilty verdict, I instruct the jury on the forfeiture issues, citing Fed. R. Crim. P. 32.2(b)(4).  Reiner's lawyer argued that Reiner had a constitutional right to such a determination, and that proof beyond a reasonable doubt was required.  I then asked the Assistant United States Attorney whether the government continued to seek against Reiner all of the forfeiture relief enumerated in the superseding indictment. The government responded that it no longer requested forfeiture of specific property and requested only a straight money judgment against Reiner.

At a bench hearing later that same day, while the jury was deliberating on Reiner's guilt or innocence, Reiner's lawyer reiterated that Reiner was entitled under Fed. R. Crim. P. 32.2(b)(4) to a jury verdict on forfeiture.  I again asked the government whether it requested forfeiture of specific property and/or traceable property; the government again made clear that it was seeking only a money judgment, not forfeiture of specific accounts or identifiable proceeds.

---

[3] 18 U.S.C. § 2422(a).
[4] 18 U.S.C. §§ 1956(h), 1957.
[5] The superseding indictment includes charges against two other individuals and the Kittery Health Club, Inc.

2

Before the jury returned its guilty verdicts on all four counts of the indictment, I ruled from the bench that because the government was seeking only a personal money judgment against Reiner, not an order forfeiting specific accounts or their proceeds, he did not have a right to a jury determination of forfeiture under either Fed. R. Crim. P. 32.2 or the United States Constitution.

Reiner filed a Memorandum on Issues Relating to Criminal Forfeiture (Docket Item 161) on October 4, 2005, providing additional argument.[6] The government responded on October 5, 2005 (Docket Item 162). Reiner filed a reply on October 11, 2005 (Docket Item 165).

## II. ANALYSIS

### (A) *Federal Rule of Criminal Procedure 32.2 does not create a right to a jury trial where the government seeks only a money judgment, not specific property.*

Federal Rule of Criminal Procedure 32.2 became effective December 1, 2000, displacing previous criminal forfeiture procedures. Because the Supreme Court held in <u>Libretti v. United States</u>, 516 U.S. 29, 48-49 (1995) that there is no constitutional right to a jury trial on forfeiture, the Rule drafters narrowed the Rule's previously broad jury language.[7] Now, according to the

---

[6] Reiner asserts in his memorandum that I issued a preliminary order of forfeiture at the post-verdict forfeiture hearing. That is not the case. At the hearing, the government sought a preliminary order of forfeiture, but Reiner objected to the entry of such an order without first having the opportunity for additional briefing. The government later agreed that, so long as limitations were placed on Reiner's ability to access money in excess of $5,000 without prior permission, there was no need for the court to enter a preliminary forfeiture order prior to Reiner's release on bond. Reiner agreed to that limitation. The parties then agreed to come up with an expedited briefing schedule on the issue of forfeiture before I determined whether a preliminary order was appropriate, as well as to notify me if additional evidence will be submitted by Reiner. Thus, no preliminary order has yet been entered.

[7] Before the 2000 amendments, Fed. R. Crim. P. 31(e) provided: "If the indictment or the information alleges that an interest or property is subject to criminal forfeiture, a special verdict shall be returned as to the extent of the interest or property subject to forfeiture, if any." Fed. R. Crim. P. 31(e) (repealed 2000).

Advisory Committee Notes for the 2000 Rule Adoption, "the defendant has no constitutional right to have the jury determine any part of the forfeiture," and "an argument could be made under <u>Libretti</u>, that a jury trial is no longer appropriate on any aspect of the forfeiture issue." Nevertheless, the Committee "decided to retain the right for the parties . . . to have the jury determine whether the government has established the requisite statutory nexus between the offense and the property to be forfeited." Fed. R. Crim. P. 32.2 Advisory Committee Notes (2000 Rule Adoption) [hereinafter Rule 32.2 Advisory Committee Notes]. The question here is whether, under this narrowed jury role, Reiner's case has any "nexus" determination for a jury to make. I turn to the text of the Rule.

Rule 32.2 instructs the court to determine "[a]s soon as practicable after a verdict . . . of guilty" "what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1). Next, the Rule cleanly differentiates how to proceed when the government seeks forfeiture of a particular asset from how to proceed when the government seeks a personal money judgment:

> If the government seeks forfeiture of *specific property*, the court must determine whether the government has established the requisite *nexus* between the property and the offense. If the government seeks a *personal money judgment*, the court must determine the *amount* of money that the defendant will be ordered to pay.

<u>Id</u>. (emphasis added). Thus, the "nexus" determination applies only to forfeiture of a particular asset. Correspondingly, the only jury trial right recognized by the Rule is for that nexus determination: "Upon a party's

4

request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." Fed. R. Crim. P. 32.2(b)(4); see also United States v. Tedder, 403 F.3d 836, 841 (7th Cir. 2005) ("Although Fed. R. Crim. P. 32.2 offers the defendant a jury trial, this provision (unlike the sixth amendment) is limited to the nexus between the funds and the crime; Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture").[8]  Rule 32.2 makes no reference whatsoever to a jury's role in a personal money judgment.

The Advisory Committee Notes for the 2000 Rule Adoption elaborate upon the Rule's distinction between forfeitures of specific property and *in personam* money judgment forfeitures.  Although the Advisory Committee explicitly took no position on the correctness of allowing money judgments,[9]

---

[8] The jury likewise has no role in determining the extent, if any, of the defendant's interest in the property.  It is up to the judge, in an ancillary proceeding governed by Rule 32.2(c), to determine the extent of the defendant's interest in specific property to be forfeited.  See Fed. R. Crim. P. 32.2(b) and (c).  In this context, the Rule 32.2 Advisory Committee Notes clarify how a money judgment differs from forfeiture of specific property:  "A money judgment is an *in personam* judgment against the defendant and not an order directed at specific assets in which any third party could have any interest."

[9] Rule 32.2 Advisory Committee Notes ("A number of cases have approved use of money judgment forfeitures.  The Committee takes no position on the correctness of those rulings.")  The First Circuit, however, has stated that "the government is entitled to an *in personam* judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense." United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999).  Although I heard testimony and received exhibits on the forfeiture issues after the jury's verdict, I have not yet determined what amount, using Candelaria-Silva's terms, "the defendant obtained as proceeds of the offense." Id.  The parties are conferring over certain documents that may bear upon this issue as to Count 3 and have agreed to report back to the court on whether there will be additional evidence, and as I understood it, to propose a briefing schedule for the legal issues of forfeiture—although I observe that both sides have now filed legal memoranda.  Nor have I determined the proper standard of proof.  Compare 18 U.S.C. § 2253(e) ("The court shall order forfeiture of property referred to in subsection (a) if the trier of fact determines, beyond a reasonable doubt, that such property is subject to forfeiture) (emphasis added) (apparently applicable to Count 3) with United States v. Hasson, 333 F.3d 1264, 1277-78 (11th Cir. 2003) (interpreting 18 U.S.C. § 982 and finding that a preponderance of evidence standard applies to
*(continued next page)*

the Notes describe the different decisional rules for the two categories.  "To the extent that the government is seeking forfeiture of a particular asset, such as the money on deposit in a particular bank account that is alleged to be the proceeds of a criminal offense, . . . the court must find that the government has established the requisite nexus between the property and the offense."  But "[t]o the extent that the government is seeking a money judgment, such as a judgment for the amount of money derived from a drug trafficking offense or the amount involved in a money laundering offense [as in Count 7 against Reiner] where the actual property subject to forfeiture has not been found or is unavailable, the court must determine the amount of money that the defendant should be ordered to forfeit."  Rule 32.2 Advisory Committee Notes.  In other words, no nexus determination need be made for the personal money judgment.  The Notes then state that "[t]he only issue for the jury" is "whether the government has established the requisite nexus between the property and the offense."  Id.  The Notes, like the Rule, make no mention of any jury role with respect to *in personam* personal money judgment forfeitures.  With no nexus determination to be made, there is no jury role.

Commentators have recognized the significance of this distinction between specific property forfeitures and money judgment forfeitures.  See, e.g., 3 Charles Alan Wright, et al., Federal Practice and Procedure:  Criminal 3d § 546, at 448 (2004) ("Rule 32.2(b)(4) does not offer any jury right in regards to personal money judgments or substitute assets"); David B. Smith, Prosecution

---

criminal forfeiture for money laundering) (apparently applicable to Count 7).

6

and Defense of Forfeiture Cases § 14.03A, at 14-57 (2005) ("[U]nder new Rule 32.2, there is *no* right to a jury trial of the forfeiture issue if . . . the government seeks a personal money judgment instead of an order forfeiting specific assets").[10] Cf. Tedder, 403 F.3d at 841 (the jury trial right under Fed. R. Crim. P. 32.2 is "limited to the nexus between the funds and the crime; Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture.").

In Reiner's case, the government is not requesting forfeiture of identifiable property, like a specific bank account or its traceable proceeds, or a car or jewelry. Instead, the government has specified that it seeks only an *in personam* money judgment against Reiner.[11] I conclude, therefore, that Rule 32.2(b)(4) recognizes no jury role in determining what the amount of this *in personam* money judgment should be.[12]

---

[10] I recognize that there is broad jury trial language in one case, United States v. McHan, 345 F.3d 262, 274 (4th Cir. 2003) ("[O]n the criminal forfeiture count itself, for which [the defendant] was entitled to a jury trial, see Fed. R. Crim. P. 32.2(b)(4), he waived the right to have a jury make the relevant factual determination of the nexus between the property and the criminal [drug] offenses committed."). McHan, however, discusses such a right only in the context of the nexus determination for traceable property.

[11] According to the applicable wording of the superseding indictment, the government requests for Counts 1, 2 and 3 forfeiture of a "sum of money equal to the total amount of money [Reiner] obtained as proceeds from the offense for which [Reiner was] convicted" and for Count 7 forfeiture of a "sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which [Reiner was] convicted." It is obvious that there are no "nexus" determinations necessary in calculating whatever these amounts may be. (I am ignoring other language of the requested forfeiture relief that seeks specific or traceable property because the government has limited the relief it seeks against Reiner. I do not read the government's recently filed memorandum as receding from that position. In any event, it would be too late for the government to do so, since I based my jury trial ruling on the position it stated on the record before the jury returned with its verdict.)

[12] At the bench hearing, the parties agreed that there were only legal—and no factual—disputes as to the forfeiture allegations connected to Counts 1, 2, and 7. (There may be factual disputes as to Count 3, but this will not be clear until the parties confer over certain documents and report back to the court on whether there will be additional evidence.) I note that the Seventh Circuit suggested that Rule 32.2 does "not foreclose what amounts to summary judgment" under such circumstances. Tedder, 403 F.3d at 841. Unlike the Tedder court, I make no
*(continued next page)*

**(B)**     ***The defendant does not have a constitutional right to a jury verdict on the criminal forfeiture issues.***

In <u>Libretti</u>, the Supreme Court ruled that a defendant has no constitutional right to a jury trial on criminal forfeiture.[13] I conclude that neither <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) nor <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738 (2005) disturb <u>Libretti</u>'s conclusion. <u>See</u> <u>United States v. Fruchter</u>, 411 F.3d 377, 383 (2d Cir. 2005); <u>United States v. Hall</u>, 411 F.3d 651, 654-55 (6th Cir. 2005); <u>Tedder</u>, 403 F.3d at 841.

The First Circuit has held explicitly that <u>Apprendi</u>'s requirements do not apply to criminal forfeiture. <u>United States v. Keene</u>, 341 F.3d 78, 85-86 (1st Cir. 2003) (<u>Apprendi</u>'s rule does not apply to criminal forfeitures, because "forfeiture is not viewed as a separate charge, but as 'an aspect of punishment imposed following conviction of a substantive offense'") (citations omitted); <u>see also</u> <u>Hall</u>, 411 F.3d at 654 ("<u>Apprendi</u> did not affect <u>Libretti</u>'s holding that criminal forfeitures are part of the sentence alone. . . . To our knowledge, every other circuit to consider the issue after <u>Apprendi</u> has reached the same conclusion") (internal citation omitted) (citing cases from the First, Fourth, Fifth, Seventh, Ninth and Eleventh circuits). So far as <u>Booker</u> is concerned, because the relevant forfeiture statutes do not contain a statutory maximum[14]

---

conclusion as to whether summary judgment procedures pertinent to a civil case would be appropriate if there is a criminal jury trial right.

[13] <u>Libretti</u>, 516 U.S. at 48-49 (concluding that forfeiture concerns "an aspect of sentencing," not the elements of a crime, and that the defendant's right to a jury verdict under former Fed. R. Crim P. 31(e)—the predecessor to Rule 32.2—on the extent of his interest or property subject to forfeiture does not have a foundation in the Sixth Amendment).

[14] 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 2253(a) and 28 U.S.C. § 2461(c).

and the Sentencing Guidelines do not deal with forfeiture,[15] forfeiture "amounts to a form of indeterminate sentencing, which has never presented a Sixth Amendment problem." Hall, 411 F.3d at 654-55; accord Fruchter, 411 F.3d at 383 ("Booker prohibit[s] a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no such previously specified range. . . . Criminal forfeiture is, simply put, a different animal from determinate sentencing.").

Under the still governing principles of Libretti, therefore, I conclude that Reiner has no constitutional right to a jury trial on the criminal forfeiture issues.

### III.  CONCLUSION

As the government's forfeiture claim seeks an *in personam* money judgment, not specific bank accounts or traceable property, the defendant's request for a jury trial is **DENIED**. Neither the Rule nor the Constitution recognizes such a right.[16]

**SO ORDERED.**

**DATED THIS 12TH DAY OF OCTOBER, 2005**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[15] Section 5E1.4 of the United States Sentencing Guidelines (2004) states: "Forfeiture is to be imposed upon a convicted defendant as provided by statute."

[16] As I have not yet determined the amount of forfeiture, Reiner's Eighth Amendment argument is premature.