# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| v.           ) | **CRIMINAL NO. 04-127-P-H-01** |
| ) | |
| **GARY H. REINER,** ) | |
| ) | |
| **DEFENDANT** ) | |

## MEMORANDUM CONCERNING PRELIMINARY ORDER OF FORFEITURE

I am not including the Government's proposed substitute property provision. At the close of the criminal trial, the Government made clear that it was seeking only a money judgment, not specified property. Because of that representation I denied the defendant a jury trial on "nexus" that Fed. R. Crim. P. 32.2(b)(4) otherwise provides for forfeiture proceedings. See United States v. Reiner, No. 2:04cr127-01, ___ F. Supp.2d ___, 2005 WL 2542625 (D. Me. Oct. 12, 2005).

If the Government, on the other hand, had continued to seek forfeiture of specific property such as the Club's bank account, I would have asked the jury if the proper "nexus" existed. If the jury found the nexus and I therefore ordered forfeiture of the particular bank account, then if the bank account had been closed, the Government could pursue "substitute property" (such as items purchased with the bank account) under Fed. R. Crim. P. 32.2(e).

The statutory references to substitute property fit that approach, for the statutes envision forfeiture of specific property, see, e.g., 21 U.S.C. § 853(a), (p), as to which a jury nexus determination would have been made. It is not clear to me what could be "substitute property" for a money judgment. Perhaps I have too simple a notion of what a money judgment is, but in my view a money judgment can be enforced by seizing any of a defendant's assets, whether they be bank accounts, real property, cars, or coin collections. That is not "substitute property"; it simply is how a money judgment is enforced if a defendant does not voluntarily turn over the amount of the money judgment.

But some of the cases speak in broad terms. See, e.g., United States v. Voigt, 89 F.3d 1050, 1088 (3d Cir. 1996) ("Since all that is at issue is the process by which the government may seize property in satisfaction of the $1.6 million to which it is lawfully entitled, on remand the government should be permitted to move to amend the judgment to reflect that the jewelry is forfeitable as a substitute asset."). And perhaps the government has better enforcement powers in seeking to "forfeit" "substitute property" as opposed to executing its personal money judgment on that same property. Those issues are not developed before me at this time. Therefore, the Preliminary Forfeiture Order is entered specifically without prejudice to the Government's ability to seek to use "substitute property" proceedings under Fed. R. Crim. P. 32.2(e) and 21 U.S.C.

§ 853(p), as incorporated by 18 U.S.C. §§ 982(b) and 2253(a), against this defendant if the Government can then persuade me that "substitute property" proceedings are appropriate where no nexus determination has been made as to the original property.

**SO ORDERED.**

**DATED THIS 7TH DAY OF NOVEMBER, 2005**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**